**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN BURKHOLDER,**

**Plaintiff,**

**v.** **Case No.: 6:26-cv-755-PGB-NWH**

**ECP BUSINESS CAPITAL, LLC, SUNCOAST FUNDING GROUP, LLC, JAMES DUFFY,**

**Defendants.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTIONS:** | **Motion to Conduct Service-Related Discovery (Doc. 22, the "Motion"); and Motion for Extension of Time to Serve Defendants (Doc. 23).** |
| **FILED:** | **August 5, 2026** |

**THEREON** it is **ORDERED** that the Motion to Conduct Service-Related Discovery (Doc. 22) is **GRANTED in part and DENIED in part** as explained below. The Motion for Extension of Time to Serve Defendants (Doc. 23) is **GRANTED**.

A court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). A court may permit a party to conduct discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts usually require a showing of good cause for early discovery. *See TracFone Wireless, Inc. v. Holden Prop.*

*Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729 (11th Cir. 1982) (emphasis added).

"The Eleventh Circuit recognizes a qualified right to conduct jurisdictional discovery." *Blue Water Innovations, LLC v. Vevazz, LLC*, No. 6:20-cv-774-Orl-78DCI, 2020 WL 6828950, at *4 (M.D. Fla. Oct. 29, 2020). Jurisdictional discovery can help "if the jurisdictional question is genuinely in dispute." *Eaton*, 692 F.2d at 729 n.7. But the plaintiff "must provide the Court with some showing establishing the need for jurisdictional discovery." *Freedom Sci., Inc. v. Optelec U.S., Inc.*, No. 8:11-cv-1654-T-27EAJ, 2012 WL 13106301, at *5 (M.D. Fla. Jan. 27, 2012). "A plaintiff's request for jurisdiction discovery must set forth the specific information sought that will establish jurisdiction." *Blue Water Innovations, LLC*, 2020 WL 6828950, at *4.

Plaintiff seeks to serve jurisdictional discovery prior to the Rule 26(f) conference to determine the present addresses of Defendants Suncoast Funding Group, LLC ("Suncoast") and James Duffy. According to the Motion, Plaintiff attempted to serve both Defendants using publicly available information but was unsuccessful. His "conventional investigation and use of professional process servers

have not produced reliable service information for Suncoast or Duffy." (Doc. 22 at 2). Plaintiff therefore seeks leave to serve subpoenas on several non-parties: (1) on former[1] Defendant ECP Business Capital, LLC ("ECP"), which listed Duffy as an "Owner" in initial disclosures filed in another case; and (2) on the "registrar, hosting provider, or account provider for ShoreRoute.com, RiversideAccess.com, suncoastfunding.org, and Suncoastfunding.net" one of which presumably hosts websites affiliated with Suncoast. (Doc. 22 at 2-3).

Upon review, it is **ORDERED** as follows:

(1) The Motion to Conduct Service-Related Discovery (Doc. 22) is **GRANTED in part to the extent that Plaintiff may serve a Rule 45 subpoena on ECP Business Capital, LLC, that includes only the following request for production of documents**:[2] "**Please produce documents sufficient to determine the last known address for the person ECP Business Capital, LLC has identified in previous cases as 'Jim Duffy – Owner of ECP.'**" ECP may redact from its production any information beyond the above requested address. Alternatively, ECP can comply with this Subpoena by providing the Plaintiff with the last known address for James Duffy, via email or in some other written form.

[1] A notice of settlement with this Defendant was filed on June 24, 2026.

[2] The Motion seeks leave to serve several interrogatories, but because ECP is no longer a party to this case, the appropriate method to seek information from it is through a Rule 45 subpoena—which does not provide for interrogatories. Fed. R. Civ. P. 45.

(2) **Plaintiff is ORDERED to serve a copy of this Order on ECP along with the Subpoena**.

(3) The Motion to Conduct Service-Related Discovery (Doc. 22) is **DENIED in all other respects**. According to the Complaint, Suncoast is a Florida registered entity that can be served pursuant to Florida law which, among other things, provides for alternative service if service on the registered agent is not possible. *See* Fed R. Civ. P. 4(h), (e)(1); Fla. Stat. § 48.062. As such, discovery relating to contact information for Suncoast is irrelevant.

(4) Plaintiff's Motion for Extension of Time to Serve the Defendants (Doc. 23) is **GRANTED**. The deadline to serve the remaining Defendants is extended to October 19, 2026.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties